IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY PITRE and LORRAINE PITRE,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.; ASC (AMERICA'S SERVICING COMPANY); and NDEX WEST LLC,<br><br>    Defendants.<br>                                             / | No. C 12-06419 WHA<br><br>**ORDER RE REQUEST FOR ORDER OF NOTICE OF LIS PENDENS** |

      In response to an order dated January 22, 2013, *pro se* plaintiffs Ricky and Lorraine Pitre have filed a revised document titled "Lis pendens notice," requesting a signature from the undersigned judge (Dkt. No. 19). Where a party is proceeding *pro se*, "a judge of the court in which an action that includes a real property claim is pending may, upon request of a party thereto, approve a notice of pendency of action," to "be recorded in the office of the recorder of each county in which all or part of the real property is situated." Cal. Code Civ. Proc. §§ 405.20, 405.21.

      Upon review of the docket, it has been noted that, while a single summons was issued as to all defendants, no proof of service regarding the summons has yet been filed as required by FRCP 4(l)(1). The undersigned declines to sign any notice of lis pendens until a separate proof of service has been filed with respect to each defendant, affirmatively demonstrating the pending status of the action with regard to each defendant against whom plaintiff seeks to record the lis pendens. No action will be taken regarding a notice of lis pendens until plaintiffs have complied

with FRCP 4(l)(1). For the benefit of plaintiffs, who are *pro se*, it is noted that plaintiffs must file with the court proper proof of service on each defendant within 120 days after the complaint was filed or risk dismissal of the action.

**IT IS SO ORDERED.**

Dated: March 5, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE